In the Matter of Robert CANTAZARO, a Witness Before the President's Commission on Organized Crime.

Misc. No. 85–0087.

United States District Court, District of Columbia.

Sept. 20, 1985.

Stephen Ryan, President's Com'n on Organized Crime, Washington, D.C., for defendant.

Julius L. Echeles, Chicago, Ill., for plaintiff.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

On March 21, 1985, Robert Cantazaro appeared before the President's Commission on Organized Crime pursuant to a subpoena. When he refused to testify based on his privilege against self incrimination, the Commission served him with an order compelling his testimony and expressly granting him use immunity. Cantazaro continued in his refusal to answer the Commission's questions and this Court held him in contempt and remanded him to the custody of the Attorney General of the United States or his duly authorized delegate pursuant to 28 U.S.C. § 1826 for a period not to exceed the life of the Commission, which expires on March 30, 1986, or until such time as he complied with the order compelling his testimony. On appeal, the United States Court of Appeals for the District of Columbia affirmed this Court's order. *In re Sealed Case*, 776 F.2d 335 (D.C.Cir.1985).

Cantazaro has spent the past six months in prison. He persists in his refusal to testify before the Commission. Before this Court is his Motion for Discharge, or, in the Alternative, for Imposition of Alternative Sanctions including his request for an evidentiary hearing. For the reasons set forth below, this motion shall be denied.

■ 28 U.S.C. § 1826 allows a court to summarily order the confinement of a witness who refuses without just cause to comply with the court's order to testify. It is often stated that such a contemnor holds the keys of his prison in his own pocket because he can regain his liberty as soon as he testifies as required by law. The purpose of civil contempt, therefore, is to enforce compliance with an order of the Court. *See e.g., McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 499–500, 93 L.Ed. 599 (1949).

■ Contemnor's Motion for discharge in this case is based on his contention that because he has vowed not to testify regardless of further confinement, his imprisonment is now punitive in violation of the purpose of civil contempt. He also claims that he should be released, or have alternative sanctions imposed, because of the physical hardship he suffers due to his medical condition. After a review of the cases and the evidence presented by Canta-

zaro at his initial trial and in his affidavit, this Court cannot agree.

Contemnor's initial proposition is correct—a number of courts have released witnesses when their confinement ceased to have any coercive impact in compelling them to follow court orders. *See e.g., Lambert v. State of Montana,* 545 F.2d 87 (9th Cir.1976). The contemnors had to establish, however, that there was no "substantial likelihood" that continued confinement would have accomplished its coercive purpose. *See, Id.* at 90–91; *In re Grand Jury Investigation (Braun),* 600 F.2d 420, 423 (3d Cir.1970).

> What is required of the judge is a conscientious effort to determine whether there remains a realistic possibility that continued confinement might cause the contemnor to testify. The burden is properly placed on contemnor to demonstrate that no such realistic possibility exists.

*Simkin v. United States,* 715 F.2d 34, 37 (2d Cir.1983).

Contemnor has cited a series of cases in which the court released witnesses from coercive confinement. We believe that this case, however, is most like *In re Grand Jury Investigation (Braun),* 600 F.2d 420 (3d Cir.1979). Braun, like Cantazaro, was held in civil contempt after refusing to testify. After about three months in jail, he moved the court to terminate his order of confinement, claiming that there was no substantial likelihood that his continued incarceration would compel his testimony. He presented evidence to the Court that he had refused to cooperate with the government over a two and one-half year period and that he feared for his own and his family's safety. His attorney also argued that consideration ought to be given to his poor health and advanced age. The District Court denied his motion without a hearing. The Court of Appeals affirmed, stating:

> "Braun has not alleged any facts that would warrant a departure, ..., from the eighteen-month benchmark laid down by Congress in (28 U.S.C.) § 1826(a)." *Id.,* at 427.

Considering the individual circumstances of Cantazaro presented in his motion and affidavit and at trial, this Court is not convinced that continued incarceration will not coerce him to testify. An evidentiary hearing is not necessary in light of the evidence before us. We agree with the Court in *Braun* that "the desire for freedom, and concomitantly the willingness to testify, increases with the time spent in prison." *Id.,* at 428. No other sanction suggested by the contemnor would be as coercive. Therefore contemnor's motion shall be denied in an order reaffirming that he not be deprived of any of the necessities mandated by his medical condition.